IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,   No. 3:12-cr-00432-HZ-1

        Plaintiff,   OPINION & ORDER

   v.

JUAN MIGUEL LOPEZ,

        Defendant.

Amy E. Potter
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorney for Plaintiff


Gerald M. Needham
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Juan Miguel Lopez moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons explained below, the Court denies Defendant's Motion to Reduce Sentence.

## BACKGROUND

Defendant pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine on December 10, 2013. Pet. & Order Entering Guilty Plea, ECF 38. The Court sentenced Defendant to a 135-month term of imprisonment followed by a five-year term of supervised release on March 31, 2014. J. & Commitment, ECF 44. Defendant has been in custody since January 31, 2013. With good time credit, he has served 76%—more than seven and a half years—of his sentence. He will be eligible for release on or about November 4, 2022. Defendant is currently serving his sentence at FCI Sheridan. As of September 2, 2020, FCI Sheridan had a prison population of 1,516 with 0 reported deaths due to COVID-19, but with four inmates testing positive.[1]

Defendant is currently 36 years old. He has a 12-year-old daughter who currently resides with Defendant's parents, both in their 70s. Defendant's parents have ongoing health issues, including severe diabetes. Their sole source of income is Social Security. Upon release, Defendant would return to his parents' home and take custody of his daughter. *See* Def. Mot. Compassionate Release Ex. B (Def. Pro Se Motion).

On May 4, 2020, Defendant submitted a formal request for compassionate release to the Warden of FCI Sheridan. He has not yet received a response.

---

[1] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated Sept. 2 2020).

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in

18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant moves the Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(1). The extraordinary and compelling reasons that Defendant argues warrant his release are (1) his minor daughter's needs for healthy and capable care and (2) his own risk of complications from COVID-19 while in custody. Def. Mot. 6–11.

The Court finds that Defendant has not demonstrated extraordinary or compelling reasons for his release.[2] As to Defendant's first argument, the Court acknowledges the difficulties faced by Defendant's elderly parents raising his 12-year-old daughter during a global pandemic. But these circumstances are not extraordinary or compelling under the statute. *See United States v. Hamman,* No. 3:16-CR-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020) ("Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims."). Defendant has not demonstrated that his parents—though at high risk of complications from COVID-19 due to

---

[2] Defendant appears to have met the exhaustion requirement of the statute as 30 days have passed since he submitted his request for compassionate release to the Warden on May 4, 2020. *See* 18 U.S.C. § 3582(c)(1)(A). The Government does not address this issue.

their age, ethnicity, and medical conditions[3]—are otherwise incapacitated and unable to care for his healthy 12-year-old daughter. *Cf. United States v. Kesoyan*, No. 2:15-cr-236-JAM, 2020 WL 2039028, at *4 (E.D. Cal. Apr. 28, 2020) (granting compassionate release to care for a child with cerebral palsy and developmental disabilities requiring assistance with many daily activities where the only possible caregiver also had to provide full-time care to his own mother with chronic health conditions). *See also United States v. Kataev*, No. 16 CR. 763-05 (LGS), 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) ("Release is warranted when [the defendant] is, in effect, the only available caregiver to family members who cannot care for themselves."). And, while providing for a family on Social Security income is undoubtedly challenging, Defendant's parents are not at immediate risk of losing this source of income. *Cf. United States v. England*, No. CR 18-61-GF-BMM, 2020 WL 4004477, at *2–3 (D. Mont. July 15, 2020) (finding extraordinary and compelling family circumstances where an infant-child's medical ailments required constant attention and hospitalization such that the child's caretakers had to quit work and stay home due limited childcare options during the pandemic). Accordingly, Defendant's family circumstances do not constitute an extraordinary or compelling reason to reduce Defendant's sentence to time served under 18 U.S.C. § 3582(c)(1)(A).

Similarly, Defendant's own risk of complications from contracting COVID-19 while in custody at FCI Sheridan is not an extraordinary or compelling reason for his release. As an inmate, Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces and has disproportionally impacted people of

---

[3] According to the CDC, older adults—individuals over 65—and people with certain underlying medical conditions—including Type 1 and Type 2 diabetes—may have a higher risk of severe illness from COVID-19. *People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Sept. 2, 2020)

color.[4] But Defendant is 36 years old and has no other health condition that places him in a high-risk category for severe illness from COVID-19.[5] As described above, Defendant's current facility has only four cases of COVID-19 among the inmate population.[6] These circumstances are not so compelling or extraordinary as to justify Defendant's release. *See United States v. Jackson*, No. 3:09-CR-00170-1-MO, 2020 WL 3889701, at *2 (D. Or. July 9, 2020) (finding threshold for compassionate release was not met where 48-year-old man with asthma was in a facility with no confirmed COVID-19 cases among inmates and isolated staff infections that appeared under control). Accordingly, the Court finds that Defendant has not satisfied the first requirement of § 3582 and denies Defendant's motion.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [57][58][67] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: September 2, 2020.

MARCO A. HERNÁNDEZ
United States District Judge

---

[4] *Health Equity Considerations and Racial and Ethnic Minority Groups*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Sept. 2, 2020).

[5] *See People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Sept. 2, 2020),

[6] However, as another judge in this district has noted, "[t]he BOP's information . . . is of limited value" because it "does not disclose whether or to what extent this facility is testing symptomatic or asymptomatic inmates, both or neither." *United States v. Hamman*, 3:16-cr-00185-SI, 2020 WL 3047371, *4 n.3 (D. Or. June 8, 2020).